**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**DEMETRIUS FLOWERS**                                               **PLAINTIFF**

V.                 **CASE NO. 3:07-CV-00115-BD**

**TOMMY GUTHRIE,** *et al.*                                      **DEFENDANTS**

**ORDER**

Pending is Defendants' motion for summary judgment (docket entry #30). Defendants move for summary judgment on the basis that Plaintiff cannot offer any proof of: 1) deliberate indifference to his medical needs; 2) any actual physical injury as a result of Defendants' conduct; or 3) excessive force. Defendants further argue Plaintiff failed to exhaust his administrative remedies before filing this action. The Defendants' motion (#30) must be GRANTED in part and DENIED in part, based on the record as is now stands.

**I.**    **Background:**

Plaintiff filed this 42 U.S.C. §1983 action pro se alleging that Defendant Skaggs acted with deliberate indifference to his medical needs by denying him "medical treatment," and that one, or both, of Defendant(s) acted with deliberate indifference by denying Plaintiff his "medication." In addition, Plaintiff alleges that Defendant Gultry acted with excessive force when he took Plaintiff to the "drunk tank" at the Craighead County Detention Facility ("Detention Facility") and shot him with a taser gun for "no

1

reason at all." Defendants have moved for summary judgment and attach to their motion the Booking/Intake Report for Plaintiff.

**II.** **Discussion:**

    A. *Legal Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. See *Anderson,* 477 U.S. at 248-49; see also *Hartnagel v. Norman,* 953 F.2d 394, 395-96 (8th Cir. 1992). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247-48 (emphasis omitted). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322.

    B. *Deliberate Indifference Claim*

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived her of a right, privilege,

or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. *Jensen v. Clarke*, 94 F.3d 1191 (8th Cir. 1996). Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). The Eighth Circuit Court of Appeals has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Here, Plaintiff contends that Defendant Skaggs "keeps" denying him "medical treatment." In addition, Plaintiff alleges that either, or both, Defendant(s) have denied him "medication." Plaintiff does not state what medical treatment he seeks, nor does he state what medication he has been denied. Without that information, the Court is unable to determine whether Plaintiff has a "serious medical need" to purse to a deliberate-indifference claim. Accordingly, the Plaintiff's deliberate-indifference claim should be dismissed without prejudice.

  C. *Excessive Force Claim*

In his Complaint, Plaintiff alleges that Defendant Gultry took Plaintiff to the "drunk tank" at the Detention Facility and shot him with a taser gun in front of other officers "for no reason at all." Plaintiff states that he was shot in the back and that he has a scar from this incident.

Defendants argue that they are entitled to summary judgment on this claim because Defendant Gultry had the right to use a taser gun on Plaintiff to maintain the order and security of the Detention Facility. In addition, Defendants state that Plaintiff has not alleged a physical injury and that Plaintiff failed to exhaust his administrative remedies necessitating dismissal of this claim. The Defendants' arguments are flawed, given the state of the record.

First, Defendants do not include any evidence showing that Defendant Gultry acted reasonably by shooting Plaintiff with the taser gun; nor do Defendants include an

affidavit or declaration of Defendant Gultry explaining his conduct. In addition, Defendants fail to provide the Court with the grievance procedure for the Detention Facility or an affidavit or declaration of an employee of the Detention Facility stating that Plaintiff's inmate file has been inspected and contains no grievance regarding this claim.[1] Although Plaintiff did not respond to Defendants' motion, Defendants have not submitted sufficient evidence to grant judgment as a matter of law on Plaintiff's excessive-force claim. Accordingly, summary judgment must be DENIED.

## III. Conclusion:

The Defendants' motion for summary judgment (#30) on the Plaintiff's deliberate-indifference claim is hereby, GRANTED, and that claim is dismissed without prejudice. The motion for summary judgment (#30) as to Plaintiff's excessive-force claim is DENIED, based on the record before the Court.

IT IS SO ORDERED this 7th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In Defendants' brief in support of their motion, they state that Plaintiff knew about the grievance system in place at the Detention Facility because he submitted other grievances irrelevant to the claim alleged in his Complaint. Defendants allegedly attach such grievance to their motion. However, the only attachment to Defendants' pending motion is the booking/intake report for Plaintiff.