**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

DEMETRIUS FLOWERS                                                                      PLAINTIFF

V.                              CASE NO. 3:07-CV-00115-BD

TOMMY GUTHRIE, *et al.*                                                              DEFENDANTS

<u>ORDER</u>

Pending is Defendants' amended motion for summary judgment (docket entry

#55).  Defendants move for summary judgment on the basis that Plaintiff cannot offer any

proof of: 1) any actual physical injury as a result of Defendants' conduct; or 2) excessive

force.  Defendants further argue Plaintiff failed to exhaust his administrative remedies

before filing this action.  Plaintiff has not responded to Defendants' motion.  Defendants

have filed two additional affidavits to support their motion (#64 and #67).  Plaintiff has

been afforded additional time to respond to the affidavits.  Plaintiff has not responded.

The Defendants' motion (#55) must be GRANTED.

I.      <u>Background:</u>

Plaintiff filed this 42 U.S.C. §1983 action pro se alleging that Defendant Skaggs

acted with deliberate indifference to his medical needs by denying him "medical

treatment," and that one or both of the Defendants acted with deliberate indifference by

denying Plaintiff his medication.  In addition, Plaintiff alleges that Defendant Gultry

acted with excessive force when he took Plaintiff to the "drunk tank" at the Craighead

County Detention Facility ("Detention Facility") and shot him with a taser gun for "no

reason at all."  The Court previously granted in part, and denied in part Defendants'

motion for summary judgment (#50).  The Court dismissed Plaintiff's deliberate-

indifference claim, but allowed Plaintiff to proceed on his excessive-force claim.

Defendants have now filed an amended motion for summary judgment and attached to

their motion: (1) Plaintiff's Booking/Intake report; (2) the Incident/Use of Force Report

dated May 21, 2006; (3) the Detention Facility's Taser Policy; and (4) Plaintiff's

grievance dated May 21, 2006.  In addition, Defendants have filed the affidavits of both

Defendants (#64 and #67).  The Court GRANTS Defendants' amended motion for

summary judgment (#55).

## II.   Discussion:

A.   *Legal Standard*

Summary judgment is appropriate when the evidence, viewed in the light most

favorable to the nonmoving party, presents no genuine issue of material fact.

FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v.

Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).  The party opposing summary judgment

may not rest upon the allegations set forth in its pleadings, but must produce significant

probative evidence demonstrating a genuine issue for trial.  See *Anderson,* 477 U.S. at

248-49; see also *Hartnagel v. Norman,* 953 F.2d 394, 395-96 (8th Cir. 1992).  "[T]he

mere existence of some alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there

2

be no genuine issue of material fact." *Anderson,* 477 U.S. at 247-48 (emphasis omitted).

If the opposing party fails to carry that burden or fails to establish the existence of an

essential element of its case on which that party will bear the burden of proof at trial,

summary judgment should be granted.  See *Celotex,* 477 U.S. at 322.

      B.    *Excessive-Force Claim*

     In his Complaint, Plaintiff alleges that Defendant Gultry took Plaintiff to the

"drunk tank" at the Detention Facility and shot him with a taser gun in front of other

officers "for no reason at all."  Plaintiff states that he was shot in the back and that he has

a scar from this incident.  In their amended motion for summary judgment, Defendant

Gultry contends that he acted reasonable under the circumstances and that no excessive

force was used.  The Court agrees.

     The Eighth Amendment protects inmates from the unnecessary and wanton

infliction of pain by correctional officers, regardless of whether an inmate suffers serious

injury as a result.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  However, "section 1983 is

intended to remedy egregious conduct, and not every assault or battery which violates

state law will create liability under it."  *Askew v. Millard*, 191 F.3d 953, 958 (8th Cir.

1999) (citing *Harberthur v. City of Raymore*, 119 F.3d 720, 723 (8th Cir. 1997)).

     Officers do not violate the Eighth Amendment when they use force reasonably "in

a good-faith effort to maintain or restore discipline."  *Hudson*, 503 U.S. at 9.  In excessive

force cases, it must be "determined whether the force was applied 'in a good faith effort

to maintain or restore discipline, or maliciously or sadistically to cause harm.'" *Estate of Davis v. Delo*, 115 F.3d 1388, 1394 (8th Cir. 1997) (quoting *Hudson*, 503 U.S. at 6). Factors to be considered in deciding whether a particular use of force was reasonable include: whether there was an objective need for force; the relationship between any such need and the amount of force used; the threat reasonably perceived by the correctional officers; any efforts by the officers to temper the severity of their forceful response; and the extent of the inmate's injury. *Hudson*, 503 U.S. at 7.

In support of their amended motion for summary judgment, Defendants have attached a "Use of Force Report Form" dated May 21, 2006, and an affidavit of Separate Defendant Guthrie (#57-2 and #64). Both exhibits contain a description of the events giving rise to this incident. According to Separate Defendant Guthrie's affidavit, on May 16, 2006, Plaintiff was booked into Craighead County Detention Facility. On May 21, 2006, Plaintiff became hostile and began yelling at officers. Officer Hall, not a party to this lawsuit, asked Plaintiff to place his hands behind his back. Official Hall then attempted to handcuff Plaintiff in an effort to maintain control in the facility. At that time, Plaintiff began to jerk his arms and resist Officer Hall's attempt to secure the handcuffs. After handcuffing Plaintiff, Officer Hall escorted Plaintiff to the detoxification cell. When Plaintiff was being escorted to the detoxification cell by Officer Hall and Defendant Guthrie, Officer Hall instructed Plaintiff to get on his knees so that the Officer could take off his handcuffs. Plaintiff refused to comply with this

4

order.  At that time, Officer Pierce, another officer not a party to this lawsuit, told

Plaintiff that if he did not comply with the order, he would deploy the taser gun.  Officer

Pierce then warned Plaintiff that he would say the word taser three times and if Plaintiff

did not get on his knees by the time the third time the word "taser" was said, Plaintiff

would be tasered.  Although Officer Pierce stated the word "taser" three times, Plaintiff

did not comply, but rather escaped from officer custody.  After continuing to resist,

Officer Pierce deployed the taser gun on Plaintiff.

Based upon Defendant Guthrie's statement, Defendant Guthrie is entitled to

judgment as a matter of law on Plaintiff's excessive-force claim.  First, based upon the

undisputed evidence provided, Defendant Guthrie did not deploy the taser gun as Plaintiff

alleges.  Although Defendant Guthrie was present during the events giving rise to this

lawsuit, he did not employ any force on Plaintiff during the incident.  Further, the other

Officers deployed the taser gun on Plaintiff in an effort to maintain control and order in

the facility.   Plaintiff had failed to comply with the Officers' orders and was warned that

if he continued to resist, the taser gun would be deployed.

Although Plaintiff alleges that the taser gun was used for "no reason at all," the

undisputed evidence is contrary to Plaintiff's allegations.  Accordingly, Separate

Defendant Guthrie is entitled to judgment as a matter of law.

Further, based upon the affidavit provided by Separate Defendant Skaggs, she was

not present during the incident (#67).  In addition, in Plaintiff's Complaint, he alleges that

5

Defendant Skaggs failed to provide Plaintiff medication.  The Court previously dismissed

Plaintiff's deliberate-indifference claim.  Accordingly, Defendant Skaggs also is entitled

to judgment as a matter of law.

**III.    Conclusion:**

The Court hereby GRANTS Defendants' amended motion for summary judgment

(#55).  Accordingly, Plaintiff's claims in this matter are dismissed with prejudice.

IT IS SO ORDERED this 2nd day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE